IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE A. FOUNTAIN,

      Plaintiff,

v.

J. C. PENNEY CORPORATION, INC.
and GREGORY W. CRANE,

      Defendants.                        Case No. 06-cv-680-DRH

MEMORANDUM & ORDER

HERNDON, District Judge:

I.  INTRODUCTION

      Defendant J. C. Penney Corporation, Inc. ("J. C. Penney") removed Plaintiff's suit upon the basis of diversity jurisdiction (Doc. 2).  Plaintiff initially filed her suit against Defendants in the Circuit Court of St. Clair County, Illinois. Plaintiff's claims arise from an alleged incident occurring on September 21, 2005 at the J. C. Penney store in the St. Clair Square Mall in Fairview Heights, Illinois (*see* Doc. 2, Ex. A).  Plaintiff alleges she sustained injuries when she slipped and fell on a coat hanger on the floor and thus has brought a count of negligence against both J. C. Penney and defendant Gregory W. Crain ("Crain"),[1] who was the manager of the J. C. Penney store in St. Clair mall at the time of the alleged incident.

      Challenging the existence of diversity jurisdiction, Plaintiff has filed a

---

[1]  In the Notice of Removal it states that defendant "Gregory W. Crain [was] incorrectly sued as Gregory W. Crane . . ." (Doc. 2, p. 1).

Motion to Remand (Doc. 11), to which J. C. Penney has responded in opposition (Doc. 16).  Also pending is defendant Crain's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 6), which Plaintiff has opposed (Doc. 18), Crain sounding in reply (Doc. 19).  Crain argues he was fraudulently joined to this suit in an attempt to destroy diversity jurisdiction among Plaintiff and J. C. Penney, as both he and Plaintiff are Illinois citizens.   J. C. Penney, on the other hand, is a Delaware corporation with its principle place of business in Dallas, Texas (*see* Doc. 2, Ex. A, ¶¶ 2 & 4 and Doc. 11, ¶ 1).

The Court must first consider Plaintiff's Motion to Remand, as if it finds diversity jurisdiction did not exist at the time of removal, it will not have jurisdiction to consider other pending motions in this case.  However, because the issue of diversity jurisdiction turns squarely upon whether Crain was fraudulently joined, it is unavoidable to not essentially determine the issues pending in Crain's Motion to Dismiss.  For reasons stated herein, the Court finds no clear proof of fraudulent joinder and hence, no existence of diversity jurisdiction.

## II. <u>DISCUSSION</u>

**A.      Legal Standard**

Plaintiff seeks remand, challenging the removal on three bases: (1) defective removal for failure to allege the citizenship of a party defendant (Crain); (2) lack of complete diversity between the parties; and (3) defendant Crain, as an Illinois citizen, cannot remove this action to a federal court also in Illinois (Doc. 11).  J. C. Penney's Notice of Removal did not make reference to defendant Crain.  As later

explained in its opposing Response (Doc. 16), J. C. Penney states that where a defendant has been fraudulently joined, the removing party need not allege the citizenship of the fraudulently joined defendant (Doc. 16, p. 3). Recognizing Plaintiff's arguments regarding the procedural deficiencies surrounding this removal, the Court believes the issue of whether to remand this case is best decided by determining whether it has proper subject matter jurisdiction over this suit.

    **1.**    **Removal**

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy which exceeds

$75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  **Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.

### 2. Fraudulent Joinder

If diversity jurisdiction exists among proper parties, it will not be destroyed due to fraudulently joined non-diverse parties. **Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993)(collecting cases)**.  In the context of jurisdiction, "fraudulent" is a term of art.  **See Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)**.  "Although false allegations of jurisdictional fact may make joinder fraudulent . . .  in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success whatever the plaintiff's motives." **Id. (collecting cases)**.  To prove fraudulent joinder, the out-of-state defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,'" **Schwartz v. State Farm Mutual Auto. Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999)(citing Poulos, 959 F.2d at 73)**), or "if a state court has come to judgment, there [is not] any reasonable possibility that the judgment will be reversed on appeal." **Poulos, 959 F.2d at 73**.  The defendant bears a heavy burden in this regard.  **Id.**  This burden can be met by introducing uncontradicted evidence.  **See Faucett v. Ingersoll-Rand Mining & Machinery Co., 960 F.2d 653, 655 (7th Cir. 1992)(where uncontradicted affidavit of the**

**non-diverse defendant attesting to facts showing that the plaintiff could not establish a cause of action against him under Illinois law was sufficient to establish fraudulent joinder**).

**B.      Determining the Proper Parties**

The central problem stemming from the issue of whether defendant Crain was fraudulently joined to this action becomes whether Plaintiff can properly bring a claim for negligence against both the owner of the store/premises where Plaintiff was allegedly injured as well as a store manager.  Defendants (J. C. Penney in its opposition to the remand and Crain in his Motion to Dismiss) collectively believe the only proper party Plaintiff may bring suit against in this instance is J. C. Penney.  The crux of Defendants' fraudulent joinder argument is based upon Illinois premise liability.  In support, Defendants assert "only occupiers of premises and premises owners owe a general duty to exercise reasonable care for the safety of those that enter the premises lawfully, not the individual employees of said premises owners and/or occupiers" (Doc. 16, p. 4, citing ***Burse v. CR Industries, Inc.*, 288 Ill. App. 3d 48, 680 N.E.2d 431, 434 (2d Dist. 1997)** and ***Hayes v. Bailey*, 80 Ill. App. 3d 1027, 1030, 400 N.E.2d 544, 546 (3d Dist. 1980)**).   Thus, Defendants challenge Plaintiff's assertion that Crain, as store manager and not the owner of the store itself, actually owed Plaintiff a duty of care.  Further, Defendant observes that in the negligence count against defendant Crain, Plaintiff "merely mirrors her allegations against J. C. Penney" and does not allege his "specific acts

and/or omissions . . ." (Doc. 16, p. 4).  Conversely, Plaintiff believes it is proper to not only bring a claim of negligence against the owner of the store/premises, J. C. Penney, but also against the employee/manager, Crain.

While acknowledging Defendants' correct account of Illinois premises liability law, the Court finds the **Burse** and **Hayes** cases do not take premise owner liability law as far as Plaintiff desires.  These cases, which discuss general premise owner liability law, do not reach the issue of whether a plaintiff may also properly maintain a negligence action against an employee of the premises owner who may have also owed that plaintiff a duty of care.  In deciding the question of whether there is a reasonable possibility that a state court would rule against defendant Cain on the issue of negligence, the movant "must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  **Poulos, 959 F.2d at 73 (citation omitted)**.

Illinois law allows a plaintiff to sue either the employer, employee or both, because they can be found jointly and severally liable.  **Lasko v. Meier, 394 Ill. 71, 77, 67 N.E.2d 162, 166 (1946)**.  The employee can be found liable as the "active tort-feasor [who] committed the act which caused the injury."  **Laver v. Kingston, 11 Ill. App. 2d 323, 327, 137 N.E.2d 113, 115-16 (3d Dist. 1956)**.  In turn, the employer can be held liable for the employee's tortuous behavior under the doctrine of *respondeat superior*, as long as the tortuous acts are within the scope of the employee's employment.  **Id. (citing Lasko, 394 Ill. at 77, 67 N.E.2d at**

**166)**.

Although Defendants in this suit focus solely on the ownership of the locale where Plaintiff's injury allegedly occurred, the fact that J. C. Penney and Crain are also in an employer-employee relationship must not be ignored.  Therefore, under Illinois law, when construing the facts and law in a light most favorable to Plaintiff, the Court finds a reasonable possibility exists that an Illinois state court may rule against Crain on Plaintiff's cause of action against him for negligence.  The fact that J. C. Penney may also be found liable under the doctrine of *respondeat superior* does not prohibit Plaintiff from bringing her claims against Crain, J. C. Penney or both Defendants.  The Court's finding in this regard also leads to its finding that defendant Crain was not fraudulently joined to Plaintiff's suit in order to defeat diversity jurisdiction.  Lastly, as the Court finds Crain to be a proper party defendant to this suit, diversity jurisdiction does not exist and this matter should be remanded back to the Circuit Court of St. Clair County, Illinois.

**C.     Costs and Attorneys' Fees**

Plaintiff has also requested just costs and expenses, to include attorneys' fees, associated with this removal and remand, pursuant to **28 U.S.C. § 1447(c)**. The Court finds Plaintiff is entitled to costs and reasonable attorneys' fees.  However, as Plaintiff did not submit an itemized list showing the fees and costs expended in regard to the removal and remand, the Court cannot, at this time, determine an exact award amount.

### III.  **CONCLUSION**

Finding no fraudulent joinder and thus, no subject matter jurisdiction over this matter, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 11).  As it lacks subject matter jurisdiction over this matter, the Court hereby **FINDS AS MOOT** defendant Crain's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 6) and the Joint Motion to Amend/Correct Scheduling Order and to Continue Trial Date (Doc. 30).  Lastly, as the Court was able to decide the issues upon the various legal papers submitted by the parties, Defendants' Motion for Oral Argument (Doc. 17) is **DENIED**.  Pursuant to this Order, this case is hereby **REMANDED** back to the Circuit Court for St. Clair County, Illinois.  The Court will also award Plaintiff's costs and reasonable attorneys' fees expended in association with the removal/remand pursuant to **28 U.S.C. § 1447(c)**, but directs Plaintiff to submit an affidavit from Plaintiff's counsel, itemizing the costs and fees requested.  Defendants may then oppose the requested amount.

**IT IS SO ORDERED.**

Signed this 4th day of May, 2007.


/s/          David  RHerndon
**United States District Judge**