# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JANE A. FOUNTAIN,**

    **Plaintiff,**

**v.**

**J. C. PENNEY CORPORATION, INC.**
**and GREGORY W. CRANE,**

    **Defendants.**                                              Case No. 06-cv-680-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On May 4, 2007, the Court issued an Order (Doc. 33) granting Plaintiff's Motion to Remand (Doc. 11). Plaintiff originally filed suit in state court for personal injuries allegedly sustained when she slipped and fell in a J. C. Penny store, located in the St. Clair Square Mall in Fairview Heights, Illinois. Defendants removed this case on the basis of diversity jurisdiction, arguing that defendant Crane (the store manager on site at the time of Plaintiff's alleged incident), was fraudulently joined to the suit in order to destroy complete diversity of citizenship. Plaintiff sought a remand, arguing that Crane was a proper party and therefore the Court lacked subject matter jurisdiction. The Court found that under Illinois law, Plaintiff had a potentially valid claim against Crane, given the federal notice-based pleading requirements, and so his joinder was not fraudulent. Thus, there was no diversity jurisdiction and the case was remanded. Along with a remand, Plaintiff sought an

award for its attorneys' fees and costs associated with obtaining the remand. Therefore, the Court ordered Plaintiff to submit an itemized statement of the fees and costs sought, to which Defendants could oppose.

**Plaintiff's Submission of Fees and Costs**

Now before the Court is Plaintiff's Submission of Fees and Costs Pursuant to May 4, 2007 Court Order (Doc. 35). Plaintiff seeks a total of $5,835.00 in attorneys' fees and $149.50 in costs. The fees were incurred from the following attorneys: Thomas Ysursa, who billed a total of 16.45 hours at a rate of $300 per hour; Bernard Ysursa, who billed a total of 1.0 hour at a rate of $300 per hour; and P.K. Johnson, who billed a total of 2.0 hours at a rate of $300 per hour (Doc. 35). The fees for Thomas Ysursa and P,K. Johnson are substantiated by accompanying itemized billing statements and individual affidavits, whereas the fees for Bernard Ysursa are only substantiated by an individual affidavit. Defendants have opposed Plaintiff's Submission (Doc. 36). Defendants believe an award of attorneys' fees and costs should be denied in full, as they did not lack an objectively reasonable basis for removal. In the alternative, Defendants oppose the amount of the award sought, arguing that such amount is unreasonable and excessive.

**Defendants' Objections to Plaintiff's Submission**

Defendants first assert that the Court did not make a finding in its Order that they lacked an objectively reasonable basis for removal (Doc. 36, pp. 5-6, citing ***Martain v. Franklin Capital Corp.*, 546 U.S. 132 (2005)(holding that the**

**standard for awarding fees under 28 U.S.C. § 1447(c) should turn on the "reasonableness of the removal")**). Further, Defendants state that Plaintiff, in seeking fees and costs, failed to dispute the reasonableness of the removal or assert that Defendants acted merely to prolong litigation and increase Plaintiff's costs. Defendants state that the Court's own words in its Order of Remand imply that Plaintiff may not have a legitimate claim against defendant Crane, but given that the analysis required the facts to be construed in favor of the Plaintiff, it could not be fully determined at that time. Therefore, Defendants believe that Plaintiff's request for costs and fees under **§ 1447(c)** is unwarranted.

The Supreme Court, in ***Martin***, found that a prevailing plaintiff was only entitled to attorneys' fees under **§ 1447(c)** if the defendant "lacked an objectively reasonable basis for seeking removal." ***Martin*, 542 U.S. at 141;** *see also **Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007)**. Determining whether the basis for removal was "objectively reasonable" requires the Court to consider "the clarity of the law at the time the notice of removal was filed." ***Lott*, 492 F.3d at 792 (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000))**.

In this case, Defendants' reason for removal was that they believed Plaintiff had fraudulently joined defendant Crane, a J. C. Penny store manager, to destroy diversity of citizenship among the parties. Plaintiff's allegations against Crane, stated in Count I of her Complaint, mirrored her allegations against J. C. Penny in Count II – all of which seemed to suggest a theory of premise liability.

Defendants thereby grounded their theory of fraudulent joinder based upon Illinois law that only the premises owner or occupier owes a duty of to exercise reasonable care for the safety of those that lawfully enter the premises (Doc. 16, p. 4, citing ***Burse v. CR Industries, Inc.*, 288 Ill. App. 3d 48, 680 N.E.2d 431, 434 (2d Dist. 1997)** and **Hayes v. Bailey*, 80 Ill. App. 3d 1027, 1030, 400 N.E.2d 544, 546 (3d Dist. 1980)**). For this reason, Defendants did not believe that an employee of the premises owner/occupier could also be held liable.

In revisiting its previous Order, the Court finds that at the time of removal, it was objectively reasonable for Defendants to base its theory of removal on the grounds that a store employee could not be liable under a premises liability theory. However, the Court, construing the allegations in the light most favorable to the Plaintiff, found it possible that Plaintiff to plead a cause of action against Crane for negligence and that J. C. Penny could be liable for Crane's negligence under the doctrine of *respondeat superior*. Accordingly, it could not clearly find Crane had been fraudulently joined. However, as Defendants now assert, the Court did not mean to imply that Plaintiff's theory of liability was so clear that it was not objectively reasonable for Defendants to attempt to remove the case as they did. Although the Court did state in its Order of Remand that it would award Plaintiff's attorneys' fees and costs pursuant to **§ 1447(c)**, it now finds that to do so would be improper under the requisite legal standard. Therefore, it **VACATES** the portion of its May 4, 2007 Order of Remand (Doc. 33) that found Plaintiff was entitled to reasonable attorneys'

fees and costs. Instead, the Court hereby **DENIES** Plaintiff's request for an award of reasonable attorneys' fees and costs under **§ 1447(c)**, as Defendants had a reasonably objective basis for removing the case. As such, the Court also **FINDS AS MOOT** Defendants' Motion for Hearing re Response (Doc. 37).

    **IT IS SO ORDERED.**

    Signed this 31st day of January, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**